UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

REBECCA SUZANNE DENOFRE,                    Case No. 2:19-cv-000156

               Plaintiff,                    Hon. Paul L. Maloney
                                                         U.S. District Judge

    v.

CITY OF ISHPEMING; STEVE
SNOWAERT; and JUSTIN BIANCO,

               Defendants.
_____/

## REPORT AND RECOMMENDATION

### I.    Introduction

Plaintiff Rebecca Suzanne Denofre filed this action against the City of Ishpeming, Police Chief Steve Snowaert, and Police Officer Justin Bianco. The Court granted Denofre leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the undersigned recommends that the complaint be dismissed for failure to state a claim.

### II.    Factual Allegations

The allegations in this case are quite confusing. Denofre alleges that she received an "unwelcomed" phone call from a Wells Fargo Bank employee on February 23, 2018. The unnamed employee asked Denofre to come to a Wells Fargo Bank to retrieve a password for her bank account profile. The next day, Denofre went to the Wells Fargo Bank in Ishpeming, Michigan, where she attempted to obtain her

password. However, Denofre was unable to get her password and, instead, she was yelled at by the branch manager.

Following the verbal altercation, Denofre drove to the Ishpeming Police Department to report the incident and met with Defendant Bianco. Denofre asked Defendant Bianco to drive her to the Wells Fargo Bank in Ishpeming so she could retrieve her password. But Defendant Bianco declined and told her that he would speak with the branch manager about the incident.

On an unspecified date, Denofre went to the Wells Fargo Bank in Marquette, Michigan to make a formal complaint about the branch manager at the Wells Fargo Bank in Ishpeming. While Denofre was in Marquette, Defendant Bianco apparently went to Denofre's mother's home and told Denofre's brother that "he would be watching [Denofre]." (ECF No. 4, PageID.6.) Shortly thereafter, Denofre met with an attorney to discuss the situation, and the attorney allegedly told Denofre that she was being targeted by the City of Ishpeming.

Denofre claims that the investigation by the Ishpeming Police Department was incomplete "including the failure to collect interview, watch surveillance footage from Wells Fargo and anything else required." (ECF No. 4, PageID.7) (mistakes in original). Denofre alleges that Defendants have violated her constitutional rights while acting under color of state law. Denofre further alleges that Defendants acted "recklessly and with negligence" and that "it's a violation of policy. I didn't go to them to be bullied or abused." (ECF No. 4, PageID.7.) Finally, Denofre alleges that Defendants have defamed her because she has been "publicly accused by this

department of having a mental health disorder and called nasty names." (ECF No. 4, PageID.7.)

### III.   Standard of Law

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any action brought *in forma pauperis* if the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.* The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although the plausibility standard is not equivalent to a "'probability requirement, . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

In addition, the Court must read Plaintiff's *pro se* complaint indulgently, see *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true,

unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

## IV.    Analysis

### A. Section 1983 Claims

Denofre appears to have filed this action pursuant to 42 U.S.C. § 1983 because she alleges that Defendants violated her constitutional rights while acting under state law. *See West v. Adkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

After thoroughly analyzing each allegation in complaint, the undersigned finds that Denofre has not alleged any facts to establish that Defendants violated her constitutional rights. Denofre was never seized or arrested. She voluntarily went to meet with the police. She was never criminally charged. Although Denofre alleges that Defendant Bianco told her brother that they were going to watch her, she does provide any other detail regarding the alleged surveillance. Notably, Denofre does

not allege that she had any other interaction with any Ishpeming police officers after she talked with Defendant Bianco on the day of the incident.[1]

It appears that the constitutional violation that Denofre complains of is that the police failed to properly investigate her complaint against a Wells Fargo employee. But "[a]s a general matter, a victim of a crime 'does not have a constitutional right to have the police investigate his case at all, still less to do so to his level of satisfaction.'" *Rossi v. City of Chi.*, 790 F.3d 729, 735 (7th Cir. 2015) (quoting *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.,* 489 U.S. 189, 196 (1989)). Even after reading the complaint indulgently, Denofre has failed to allege any constitutional violations. Therefore, the undersigned respectfully recommends that the Court dismiss Plaintiff's § 1983 claim for failure to state a claim.

**B. State Law Claims**

Denofre also appears to assert gross negligence and defamation state law claims. *See Andrews v. Prudential Sec*, 160 F.3d 304, 308 (6th Cir. 1998) (evaluating defamation as a state law claim); *Kellerman v. Simpson*, 258 F. App'x 720, 728 (6th Cir. 2007) (evaluating gross negligence as a state law claim). "Where a district court has exercised jurisdiction over a state law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the state law claims

---

[1]     The undersigned further notes Denofre does not make any factual allegations against Defendant Snowaert in the entire complaint. Instead, she only mentions Defendant Snowaert when stating that he is a Defendant. Thus, Denofre has not alleged that Defendant Snowaert had sufficient personal involvement to establish liability under § 1983. *See Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002).

should be dismissed without reaching their merits." *Coleman v. Huff*, No. 97-1916, 1998 WL 476226, at \*1 (6th Cir. Aug. 3, 1998) (citing *Faughender v. City of N. Olmsted, Ohio*, 927 F.2d 909, 917 (6th Cir. 1991)); *see also Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). Therefore, the undersigned respectfully recommends that the Court dismiss Denofre's state law claims without prejudice.

## V.    Recommendation

Accordingly, the undersigned respectfully recommends that the Court dismiss the § 1983 claims for failure to state a claim. The undersigned further recommends that the Court dismiss the state law claims without prejudice.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); s*ee also Thomas v. Arn*, 474 U.S. 140 (1985).


Dated: September 13, 2019

                                                     /s/ *Maarten Vermaat*
                                                     MAARTEN VERMAAT
                                                     U.S. MAGISTRATE JUDGE